REQUESTED BY: Dear Senator DeCamp:
You have recently requested the opinion of this office regarding the constitutionality of the rule-making authority granted to the State Energy Office in LB 954 (Sections 73 through 88).
By the referenced provisions of the aforementioned act, the Nebraska Energy Office (referred to in the bill as the office) provides the administrative support necessary to implement LB 954. Specifically, the NEO is to provide technical assistance to counties, cities, and villages (Section 83), serve as an appeal board (Section 84), administer and implement these sections by adopting and promulgating rules and regulations, (Section 84), and grant equivalency variances from the established energy standard when proper (Section 87). Unlike LB 990, the NEO does not adopt the standards which it is to implement. In LB 954, this is left to the Energy Efficiency Standards Board.
The Energy Efficiency Standards Board is composed of members who are appointed by the Governor with approval of the Legislature. Its primary and practically only responsibility is to adopt energy standards under Chapter 84, article 9 based on one or both of the following:
 (1) The thermal performance of the building as a whole; or,
 (2) the thermal performance of the components of the building.
Subsections (2) and (3) of the bill further define each option, still leaving the decision of which is to be adopted to the Board. Violation of the standards adopted by the board is made a criminal act by Section 81. This we believe is an impermissible delegation of legislative authority to the executive.
As we discussed in reference to LB 990, opinion dated March 11, 1980:
 "The public has a right to know what acts constitute crimes in this state and the punishment provided therefor. They may properly assume that crimes and punishment are purely a legislative function and that the definition of all crimes and the punishment therefor will be found in the duly enacted statutes of this state. . . ."
 Lincoln Dairy Co. v. Finigan, 170 Neb. 777, 104 N.W.2d 227 (1960).
The analysis in our former opinion (Opinion No. 249, dated March 11, 1980) is equally applicable here. It is inconsequential that the Energy Efficiency Standards Board is adopting the standard as opposed to an administrative agency. The adoption of laws or standards relating to criminal conduct is properly the function of the legislature and it cannot be delegated to an executive board, administrative agency or any combination of the two.